JOSE AND MARTINA CARAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caram v. Commissioner
Docket No. 19462-91
United States Tax Court
T.C. Memo 1992-594; 1992 Tax Ct. Memo LEXIS 616; 64 T.C.M. (CCH) 996; October 5, 1992, Filed *616 For Jose and Martina Caram, pro se. For Respondent: Karen P. Wright RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This matter is before the Court on respondent's motion for partial summary judgment filed, July 20, 1992, pursuant to Rule 121. [1] In her notice of deficiency, respondent determined a deficiency of $ 18,389 in petitioners' Federal income tax for 1985. Respondent also determined that petitioner Jose Caram was liable for the addition to tax for fraud under section 6653(b). Respondent seeks summary judgment against petitioner Jose Caram on the issue of the addition to tax for fraud under section 6653(b). Respondent's motion was based on allegations in her answer deemed admitted by petitioner pursuant to Rule 37. We must decide whether those admissions adequately support respondent's motion. Respondent's *617 answer, which was filed on October 30, 1991, contained the following affirmative allegations: 7. FURTHER ANSWERING the petitioner, and in support of the determination that all or a part of the underpayment of taxes required to be shown on the petitioners' income tax return for the taxable year 1985 is due to fraud on the part of petitioner Jose Caram, the respondent alleges: (a) Respondent has determined petitioners' correct adjusted gross income for 1985 using the specific items method. (b) Petitioner Jose Caram (hereinafter "petitioner") has lived in the United States since 1952. (c) During the year 1985, petitioner and Mr. Frank Torre were equal partners in Chivi General Contractor (hereinafter "Chivi"), an informal partnership doing building maintenance, repairs and construction for B & D Hotel Corporation. (d) No formal books and records were kept by petitioner or by Frank Torre to determine the income and expenses of Chivi during 1985; therefore, respondent has determined Chivi's income and expenses using the specific item method. (e) Income earned and expenses incurred by Chivi during 1985 were split evenly between petitioner and Frank Torre. (f) During *618 the year 1985, Chivi received income totalling $ 243,256. (g) During the year 1985, Chivi incurred expenses totalling $ 119,594. (h) All checks received by Chivi from B & D Hotel Corporation during 1985 were cashed by either petitioner or Frank Torre at a currency exchange. (i) Petitioner and petitioner Martina Caram filed their 1985 joint federal income tax return on July 1, 1988, after being contacted by the Internal Revenue Service regarding their failure to file a 1985 return. (j) Petitioners reported gross receipts of $ 14,170 and business expenses of $ 7,754 on the Schedule C attached to their 1985 return. (k) Petitioner stated to Revenue Agent John Rupeika on May 4, 1989, that to the best of his knowledge, all income was reported on his income tax return for 1985. (l) Petitioners have not filed any federal income tax returns for the years prior to 1985. (m) Petitioners failed to report taxable income in 1985 in the amount of $ 55,415, computed as follows: Share of Chivi income
$ 121,628
Share of income reported
(14,170)
Share of Chivi expenses
(59,797)
Share of expenses reported
7,754
Total adjustments
$  55,415
Taxable income per return
2,126
Corrected taxable income
$  57,541
Understatement of taxable income
$  55,415
*619 (n) Petitioners failed to report income tax liability for 1985 in the amount of $ 18,389, computed as follows: Corrected tax liability
$ 13,923
Self-employment tax
4,673
Earned income credit recapture
550
Total corrected tax liability
$ 19,146
Tax per return
757
Understatement of tax liability
$ 18,389
(o) Petitioner's failure to report a substantial portion of petitioners' income for the year 1985 was fraudulent with intent to evade taxes. (p) Petitioner's cashing of checks received by Chivi in 1985 at a currency exchange was fraudulent with intent to evade taxes. (q) Petitioner's failure to maintain books and records for his income earned and expenses incurred by Chivi in 1985 was fraudulent with intent to evade taxes. (r) Petitioner's failure to file a tax return for 1985 until after he was contacted by the Internal Revenue Service was fraudulent with intent to evade taxes. (s) Petitioner's statement to Revenue Agent John Rupeika that all income was reported on his income tax return for 1985 was fraudulent with intent to evade taxes. (t) Petitioner's understatement of taxable income in the amount of $ 55,415 was fraudulent with intent to evade tax. *620 (u) All or part of the underpayment in income taxes for the taxable year 1985 is due to fraud on the part of petitioner. Petitioners did not file a reply within the time provided in Rule 37. On January 27, 1992, respondent filed a motion pursuant to Rule 37(c) requesting that the allegations in paragraph 7 of the answer (reproduced above) be deemed admitted. A copy of that motion was mailed to petitioners on January 21, 1992. On January 27, 1992, a notice of filing of respondent's motion was served on petitioners by this Court. This notice stated: If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before February 18, 1992, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer. Respondent's motion was granted on February 27, 1992, after petitioners failed to file a reply or otherwise respond to the Court's notice. Respondent filed the instant motion for partial summary judgment on July 20, 1992. By order dated July 21, 1992, this Court directed petitioners to file *621 a response to respondent's motion on or before August 21, 1992. Petitioners have not filed a response in accordance with the Court's order of July 21, 1992. Summary judgment is appropriate where a trial and the expense thereof would be unnecessary. . A decision on the merits of the parties' claims may be made on summary judgment if there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(b). The Court will not resolve disputes over factual issues in a summary judgment proceeding. ; . With regard to the substantive facts at issue in this case, therefore, we look only to those allegations deemed admitted by petitioners. It is well settled that respondent may sustain her burden of proof on the issue of fraud by virtue of deemed admissions alone. ; see . *622 In such cases, the deemed admissions must show fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). The elements that respondent must prove are: (1) The existence of an underpayment of tax, and (2) that some part of the underpayment was due to fraud. ; ; . Respondent need not prove the exact amount of the underpayment resulting from fraud, but only that "any part" of the underpayment is attributable thereto. . To prove fraud, respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. . The affirmative allegations in paragraph 7 of respondent's answer, which are deemed admitted, establish that petitioner Jose Caram received substantial unreported income *623 from his construction and maintenance business in 1985 and that he fraudulently intended to evade tax on this income. We find that respondent has met her burden of proof with regard to the issue of fraud and that petitioner Jose Caram is liable for the addition to tax for fraud pursuant to section 6653(b). Respondent's motion for partial summary judgment will be granted. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩